BARHAM, Justice.
 

 Tracy Lewis and James Doty were charged by bill of information with armed robbery under R.S. 14:64, convicted as charged, and each sentenced to serve 25 years in the Louisiana State Penitentiary. For reversal on appeal they rely on three bills of exception.
 

 Just before the trial was to begin, counsel for defendants moved for a continuance on the ground that the day was “a national day of mourning, so declared by the President of the United States in honor of" General of the Army Dwight David Eisenhower, and as such is a federal legal holiday”. The judge refused to grant the continuance, and Bill of Exception No. 1 was reserved. Article 763 of the Code of Criminal Procedure provides: “Trials and hearings may commence or continue on a holiday or half-holiday in the discretion of the court.” There is no allegation that the judge abused his discretion or that the defendants were in any way prejudiced by the ruling. This bill has no merit.
 

 Also before trial, court-appointed defense counsel moved “on behalf of myself alone” to be relieved of the appointment since he had been unable, to obtain proper cooperation from the accused in preparing their defense. He concluded by reiterating that the motion was made not on behalf of the defendants but on behalf of the court-appointed attorney, himself. The motion was denied by the trial court, and Bill of Exception No. 2 was reserved. The overruling of a motion made on counsel’s own behalf cannot form the basis of a bill of exception for consideration by this court on appeal. In brief filed here, present counsel of record,
 
 [1]
 
 also appointed by the court, does not suggest that the trial
 
 *628
 
 attorney was incompetent or inexperienced, but argues only that the accused did not have counsel of their choice and that this amounted to a denial of their constitutional right to be represented by counsel on the trial of their case. The defendants cannot refuse to cooperate with court-appointed counsel in the preparation of their defense and then be heard to urge that this lack of cooperation has resulted in a denial of their right to counsel. This bill is without substance.
 

 After the jury was selected and sworn, counsel for defendants orally moved to quash on the ground of racial imbalance of the petit jury venire. The motion was overruled, and Bill No. 3 was reserved. The judge was correct in his ruling. The motion was not in writing as required by Code of Criminal Procedure Article 536, and was not timely filed under Article. 535(B).
 
 [2]
 

 Accordingly the convictions and sentences of the defendants are affirmed.
 

 [1]
 

 . After conviction but before sentence tlie judge allowed trial counsel to be relieved of his appointment for reasons not connected with this case, and appointed another attorney to represent these defendants. This attorney, who prosecutes'
 
 *628
 
 the appeal, also made a motion in the district court on his own behalf to be relieved as counsel for the accused because he could not secure their cooperation.
 

 [2]
 

 . Article 535(B) (2) provides that a motion to quash on the ground that a jury venire is improperly constituted must be filed at least three judicial days before ■ commencement of trial, or with permission of the court may be filed at any time before . trial. Even if the motion to quash in the present case were properly before us, it must be rejected. The defense offered no evidence, and did not request permission to offer evidence, on the method of selection- of jurors in the parish. The motion is presented only upon the uncorroborated statement of counsel that according to parish records approximately 30 per cent of eligible jurors were Negroes, and that it was therefore “almost inconceivable” that the venire could have been fairly and impartially selected when there were only two Negroes among the first 22 veniremen called. See State v. Clark, 242 La. 914, 140 So.2d 1, cert. den. 371 U.S. 222, 83 S.Ct. 311, 9 L.Ed.2d 273.