SUMMERS, Justice.
Tracy Lewis was convicted of armed robbery and sentenced to serve 25 years in the Louisiana State Penitentiary. An appeal to this court affirmed the conviction on February 23, 1970. No application was made for rehearing. 255 La. 623, 232 So.2d 294.
On December 6, 1971 Tracy filed a petition for habeas corpus in the trial court of his conviction asserting as grounds therefor that his representation by court-appointed counsel was ineffective. Other grounds for issuance of the writ were alleged. On the basis of that petition the court granted an evidentiary hearing, and ruled against the petitioner on all grounds except the allegation that the representation by court-appointed counsel was ineffective. Finding that defense counsel failed to timely move to quash the jury ve-nire, the trial judge granted petitioner a new trial, fixing the date therefor in April 1973, and if not tried, Tracy was ordered released and discharged. A bill of exceptions was reserved and perfected to this ruling by the Warden. We granted writs under our supervisory jurisdiction to review the action of the trial judge on application of the Warden.
The Warden contends that the trial judge erred in holding that the accused had ineffective assistance of counsel because of counsel’s failure to challenge the jury venire. Alternatively, it is urged it was error to grant the petitioner a new *94 trial without first holding a hearing to determine whether there was, in fact, any discrimination in the selection of the jury venire.
On the day of the trial counsel for the accused made an uncorroborated statement that there were only two Negroes out of the 22 veniremen called, while 30 percent of the eligible jurors of the parish were Negroes. He then orally moved to quash the jury venire on the ground of racial imbalance of the petit jury venire. The motion was overruled as the motion was not in writing as required by Article 536 of the Code of Criminal Procedure and because the motion was not filed at least three days before commencement of trial as required by Article 535(B)(2). A bill of exceptions was reserved and perfected to this ruling. On appeal the conviction and sentence were affirmed. We specifically upheld the ruling on the motion to quash the jury venire. 255 La. 623, 232 So.2d 294.
Counsel who represented Lewis at his trial received his law degree from Louisiana State University in 1951, and was admitted to practice in that year. For several years he was employed by oil companies. At the time of the trial he had been engaged in the general practice of law in West Baton Rouge Parish since 1958. His practice of criminal law had been extensive.
He testified at the habeas hearing that he filed the motion to quash the jury ve-nire because the venire did not adequately reflect in terms of black and white, the population of the parish of West Baton Rouge. The motion was based upon the slim hope he entertained that perhaps a prima facie case of discrimination was shown by the record. Only two black prospective jurors on the venire of twenty-two were observed when they came into court the da^ of the trial. According to counsel, approximately thirty percent of the population of the parish was black. He stated that he had absolutely no evidence which would indicate that anyone was consciously included or excluded from the venire. Nor did he have evidence or believe any to exist that the jury was selected in an illegal fashion. Lewis also testified at the hearing that he knew of no facts which would indicate improper selection of the jury ve-nire. The instant prosecution was the third time he had been convicted of a felony.
Since there was no evidence in the record, other than the uncorroborated oral statement of defense counsel, to support any of the facts relied upon to attack the jury venire, and both defense counsel and Tracy testified that they had no knowledge of any facts which would indicate improper selection of the jury venire, we find there was no record basis for filing a motion to quash the jury venire. And since there was no basis for a motion to quash, it was error for the trial judge to find defense counsel was ineffective when he failed to file a motion to quash the jury venire three days before trial.
For the reasons assigned, the judgment and decree of the trial court granting Tracy a new trial is reversed and set aside, and the petition for habeas corpus is denied.
BARHAM, J., concurs in the decree.
CALOGERO, J., concurs.