352 So.2d 615 (1977)
STATE of Louisiana
v.
Marvin R. RHEAMS.
No. 59638.
Supreme Court of Louisiana.
November 14, 1977.
Rehearing Denied December 14, 1977.
*616 William J. Doran, Jr., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Douglas Moreau, Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-appellee.
SUMMERS, Justice.
In an eleven count bill of information defendant Marvin R. Rheams was charged with nine counts of armed robbery, one count of attempted armed robbery and one count of attempted first degree murder. He was tried by a jury and convicted of four counts of armed robbery, the charge of attempted armed robbery and the attempted first degree murder charge. Defendant was acquitted of the five remaining armed robbery counts. After sentence he lodged this appeal relying upon three assignments of error.

Assignment 1
Evidence of an oral confession was improperly admitted for several reasons the defendant contends. He did not sign any statement or form indicating that he understood the Miranda warnings read to him by the police officer until some time after the warnings were given. Nor did he make a statement at that time. However, later he *617 did make an oral statement but refused to reduce it to writing.
These delays, defendant argues, indicate that he was not sure of his rights or of the effect of unwritten statements by him, the implication being that he may have felt a statement could not be used against him unless written. He asserts that his indecision and his refusal to reduce the statement to writing illustrate his failure to appreciate his legal rights. Thus, the argument concludes, it was error to admit the oral confession.
Police officers testified that defendant was advised of his Miranda rights and that he originally refused to make a statement. However, later when they were assembled for a lineup, defendant confessed voluntarily and without coercion at a time when no effort was being made to elicit such an admission. No testimony was offered to rebut the free and voluntary character of the confession, only the argument is made that the delays involved indicated his lack of appreciation for the consequences of his action.
Based upon the testimony of two officers that defendant's confession was free and voluntary, and the lack of evidence to the contrary, the trial judge found the confession admissible.
It is noted at the outset that there is no requirement in law that a person sign a statement to the effect that he has been advised of his rights before making a statement. While such a practice may be considered advisable to support proof that the Miranda warning was given, failure to obtain such a written statement does not deny the accused any legal right.
Undoubtedly, as the defense contends, the State is obliged to demonstrate affirmatively the free and voluntary character of the confession it seeks to introduce in evidence. La.Rev.Stat. 15:451. The burden is a heavy one which must be fully discharged. La.Code Crim.Pro. art. 703(C); State v. Taylor, 336 So.2d 855 (La.1976).
In factual determinations where the evidence in support of admissibility is positive, and only inferences to be drawn from delays by the confessor are urged by the defense to support its position that the accused did not understand his rights, the ruling of the trial judge finding the confession admissible will not be disturbed on review. State v. McSpaddin, 341 So.2d 868 (La.1977) and cases cited there.
The case of State v. Bray, 292 So.2d 697 (La.1974) is somewhat analogous to the situation here. There defendant first availed himself of the right to remain silent after receiving his Miranda warnings, but later changed his mind and gave a statement to the police. The Court drew an opposite conclusion then saying defendant's decision to remain silent immediately after arrest indicated an understanding of his rights.
Under the facts and circumstances of this case the decision to remain silent was not irreversible, and a later change of mind induced by a voluntary decision to confess does not require a conclusion that the delayed confession was involuntary or made without understanding of the confessor's legal rights in the matter.

Assignment 4
Defendant was charged with these multiple offenses under authority of Article 493 of the Code of Criminal Procedure providing that
"[t]wo or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial."
After the State had presented the bulk of its case, defense counsel verbally moved in open court to quash the indictment on the ground that Article 493 of the Code of Criminal Procedure was unconstitutional. In brief it is asserted that after listening to the State's evidence, the defense observed *618 that the prosecutor had failed to show that the offenses occurred in the same transaction, or that the offenses were so connected together as to constitute part of a common scheme or plan.
Article 495 of the Code of Criminal Procedure specifically covers this situation; it states that "[t]he objections of misjoinder of defendants or misjoinder of offenses may be urged only by a motion to quash the indictment." And Article 535 of the Code states that a motion to quash may be filed "at any time before commencement of the trial." The "motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court." La.Code Crim. Pro. art. 536. The statutory formalities were not complied with in this case.
These legislative requirements for the orderly conduct of trials are not meaningless. They are reasonable, based upon experience, and designed to promote the efficient administration of justice. Compliance imposes no undue burden on the defense. Failure to satisfy these formalities results in a waiver of the rights sought to be asserted otherwise. Gueldner v. Heyd, 311 F.Supp. 1168 (E.D.La.1970), aff'd, 434 F.2d 1307 (5th Cir. 1970); City of Baton Rouge v. Norman, 290 So.2d 865 (La.1974); State v. Richard, 245 La. 465, 158 So.2d 828 (1963); State v. Turner, 178 La. 927, 152 So. 567 (1934).
This assignment has no merit.

Assignment 8
In its written assignment of error filed in the record, the defense alleges that the trial court erred in failing to grant defendant's motion for a directed verdict. In brief, however, the argument is made that the conviction should be overturned for error patent on the face of the record. The alleged error is the failure of the State to prove venuethat any of the offenses charged were committed in East Baton Rouge Parish where he was tried.
Although no motion for a directed verdict on this basis has been found in reading the record, since venue is basic to any criminal prosecution, the contention has been considered and found to be without merit.
Article I, Section 16 of the 1974 Constitution guarantees every person charged with a crime the right to an impartial trial in the parish where the offense occurred. Venue must be proved by the State during the course of the trial in order for a conviction to stand. State v. Hollingsworth, 292 So.2d 516 (La.1974).
To sustain this proof we have held that a trial court may take judicial notice of the fact that geographical locations mentioned by witnesses are within a particular parish, even if the parish is never specifically mentioned in the testimony. La.Rev.Stat. 15:422; State v. Batiste, 327 So.2d 420 (La.1976). Because venue is a factual question, the scope of appellate review on that question is limited to determining whether there was some evidence, no matter how little, submitted to the jury to establish venue. State v. West, 319 So.2d 901 (La. 1975).
Defendant was convicted of six counts of an eleven count bill of information. In testimony relating to each of these six counts, witnesses testified that the crimes were committed at various street addresses which the trial judge apparently recognized as being within East Baton Rouge Parish. Examples are: "One Hour Martinizing on Acadian" (a cleaning establishment on Acadian Thruway, a principal traffic artery); "Kean's Laundry on Foster Drive"; "The Fish Market on Greenwell Springs Road"; "7682 Airline Highway." The rule observed in State v. Batiste, supra, is applicable, therefore, and this assignment of error is without merit.
For the reason assigned, the conviction and sentence are affirmed.
CALOGERO, Justice, concurring.
I disagree with the majority's assertion in assignment of error number four that a motion to quash is not timely filed after commencement of trial. Although a motion to quash may be filed of right only "within *619 ten days after arraignment or before commencement of trial, whichever is earlier," C.Cr.P. art. 535, it may be filed through leave of the trial court after that time. In this case, the trial judge entertained defendant's motion to quash, heard arguments as to its merit, and then denied the motion. No complaint was made that the motion was untimely.
Nevertheless, I concur in the majority opinion because I believe that the trial court properly overruled defendant's motion to quash. The prosecutor in argument on the motion revealed that defendant Rheams had confessed to committing this series of armed robberies to effectuate his plan to get money to pay a fine currently pending against him in district court. The state was prepared to corroborate defendant's statement through court records which revealed the dates of defendant's court appearances on the extraneous matter, and his extension in paying the fine. These dates coincided exactly with the dates of the crimes which were joined.
I am satisfied that under these circumstances the offenses joined in one indictment against defendant Rheams were properly cumulated because they were "part of a common scheme or plan." C.Cr.P. art. 493; see State v. Carter, 352 So.2d 607 (La.1977). For this reason, I concur in the majority opinion.