MARVIN, Judge.
George L. Jackson appeals, as excessive under the state and federal constitutions, a minimum sentence to 10 years at hard labor after pleading guilty to DWI 4th offense. LSA-Const. Art. 1, § 20; U.S. Const. Amend. VIII; LRS 14:98. He also contends that the trial court failed to comply with CCrP Art. 894.1.
Defendant asserts that “if the [minimum] sentence prescribed by statute is [excessive] cruel and unusual within the meaning of [the constitutional provisions] ... the statute itself is unconstitutional and any sentence imposed thereunder must be set aside.” Defendant does not specify, however, in what respects the statutory minimum sentence is unconstitutionally excessive or cruel and unusual.[1]
*1184 Defendant also does not specify in what respects the trial court failed to comply with CCrP Art. 894.1. Defendant had prior felony and misdemeanor convictions and was made aware of the consequences of his guilty plea and the mandatory minimum sentence when he pleaded guilty. He was not eligible for a suspended or lesser sentence, even should one have been available. The record and the PSI that was before the trial court strongly supports the sentence. See State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied.
Under these circumstances, we find nothing unconstitutional and nothing statutorily in error in the trial court’s imposition of the 10-year minimum sentence required by the statute.
Accordingly, defendant’s sentence is AFFIRMED.

. If a defendant seeks to have a statute declared unconstitutional on the basis that it imposes an "excesive” [minimum] sentence, he may do so by filing a motion to quash before commence-merit of trial (CCrP Art. 353) or by filing a motion for arrest of judgment before sentence (CCP Arts. 861, 859). While a fundamental insufficiency such as the unconstitutionality or *1184 invalidity of a penal statute may be raised at later stages of the proceedings, even on appeal, the belated motion to quash or motion in arrest must allege or specify distinctly the ground on which the motion is based. CCrP Arts. 536, 860. See City of Baton Rouge v. Norman, 290 So.2d 865 (La.1974), and authorities therein.
A sentence, of course, is appealable on the general grounds of excessiveness (State v. Sepulvado, 367 So.2d 762 (La. 1979)). The attack here is on the statute, however, and we cannot uphold appellant’s broadside attack that the Legislature is without constitutional authority to require the imposition of a minimum sentence of 10 years at hard labor for the crime of DWI fourth offense. Compare State v. Sigler, 396 So.2d 1305 (La.1981); State v. Stewart, 325 So.2d 828 (La.1976), cert. denied, 425 U.S. 997, 96 S.Ct. 2213, 48 L.Ed.2d 822.