507 So.2d 859 (1987)
STATE of Louisiana
v.
Joseph ARABIE.
No. 87-KA-13.
Court of Appeal of Louisiana, Fifth Circuit.
May 1, 1987.
Dorothy A. Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna, for appellee.
Martha E. Sassone, Indigent Defender Board, Gretna, for appellant.
Before GRISBAUM, WICKER and GOTHARD, JJ.
WICKER, Judge.
The defendant, Joseph Arabie, appeals his conviction of obscenity, L.S.A.-R.S. 14:106(A)(1), and his sentence under L.S. A.-R.S. 14:106 (G)(1). We affirm both conviction and sentence.
Arabie argues:
(1) his automobile is not a "public place", and he has a constitutionally-protected right of privacy therein;
*860 (2) there was insufficient evidence to convict him;
(3) his sentence was excessive;
(4) there are errors patent.
Arabie was in his automobile, cruising slowly around the parking lot of Lakeside Shopping Center, around 9:00 in the morning of May 23, 1986. A private security guard, Mike Voltolino, saw him park about twenty (20) feet from three or four young women standing near their car. Arabie opened his car door to exit, and Voltolino saw that his pants were unzipped and that his penis and testicles were exposed. Arabie got out to get a rag from the back seat and then got back in his car. Voltolino could see, through the car door that Arabie left ajar, that Arabie's trousers were down around his thighs and that Arabie was apparently masturbating while looking at the young women. Voltolino called for a backup officer who also observed Arabie's actions; and Arabie was arrested after a chase, both in the car and on foot.
Arabie was accused by bill of information and tried for obscenity, L.S.A.-R.S. 14:106(A)(1), which provides in part:
The crime of obscenity is the intentional:
(1) Exposure of the genitals, pubic hair, anus, vulva, or female breast nipples in any public place or place open to the public view with the intent of arousing sexual desire or which appeals to prurient interest or is patently offensive.
He was convicted by a six-person jury. The trial judge sentenced him to two years at hard labor, within the range of six months to three years provided for first offenses by L.S.A.-R.S. 14:106(G)(1).

ASSIGNMENT OF ERROR # 1
Prior to trial, Arabie argued that his car was a constitutionally-protected place where he had an expectation of privacy; and he moved to quash the bill of information. The court denied this oral motion.
L.S.A.-C.Cr.P. art. 536 requires that motions to quash be in writing, and the relevant jurisprudence considers a failure to file a written motion as a waiver of the assignment of error. State v. Rheams, 352 So.2d 615 (La.1977). This assignment of error, therefore, lacks merit.

ASSIGNMENT OF ERROR # 2
The chief witness against Arabie was Voltolino. He noticed Arabie acting in a suspicious manner, cruising slowly around the Lakeside Shopping Center parking lot without stopping at any of the parking places. He passed the women twice before parking near them. He returned to his car after getting a rag or towel from the back, and he left his car door ajar approximately one foot. However, the women apparently didn't see him masturbating; and he did nothing to attract their attention.
Voltolino's back-up, Gilbert Rodriguez, also observed Arabie to be masturbating; but he testified that the car door was ajar approximately two feet. He also noted the presence of several rest rooms in the immediate area.
Elizabeth Arabie, defendant's mother, testified that her son had always had a problem holding his urine and frequently took a bottle in the car with him in case he was stuck in traffic.
Arabie's fiancee, Maureen Nason, said she and two other people went to pick up Arabie's car two days after his arrest. She found a closed Dr. Pepper bottle of urine on the floor of the car on the passenger side. She also said, however, that she had only known of one time in two years when Arabie had had to urinate in a bottle; and she had no personal knowledge of bladder problems. In defense of Arabie, she stated that she couldn't believe he had committed the offense he was charged with, since they had "made love" that morning before he had left her house.
Deputy Sam Brocato, of the Jefferson Parish Sheriff's Office, also testified and contradicted Nason's assertions. He stated that he had thoroughly searched Arabie's car at the time of the arrest and that it contained no bottle of any kind. He also testified that Arabie's car remained for two weeks where it was left after his arrest.
Our standard for reviewing a sufficiency of evidence claim is whether, viewing the *861 evidence in the light most favorable to the prosecution, any rational trier of fact could have found Arabie guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984).
We think the evidence presented to the jury was sufficient, considered in the light most favorable to the prosecution, for a rational juror to conclude that Arabie was guilty of obscenity. All necessary elements of the crime of obscenity have been proven: exposure of the genitals, in a public place or open to public view, and with the intent of arousing sexual desire. The testimony of two witnesses that Arabie's genitals were exposed and he was in fact masturbating was unrebutted. The fact that he could be seen by two people through his open car door is sufficient proof that his car was open to public view. The fact of his masturbation indicates that his actions were designed to arouse him sexually. It is not necessary that Arabie intended to arouse sexual desire on the part of the women, only that he intended to arouse his own sexual desire. State v. Walters, 440 So.2d 115 (La.1983). We affirm Arabie's conviction.

ASSIGNMENT OF ERROR # 3
Sentencing guidelines are set forth in L.S.A.-C.Cr.P. art. 894.1, and these guidelines indicate that a sentence of imprisonment should be imposed if any of three aggravating factors exist:
(1) undue risk that, during any probation or suspension of sentence, the defendant will commit another crime;
(2) need of correctional treatment most effectively provided by commitment to an institution; or
(3) a belief that a lesser sentence will deprecate the seriousness of the crime. L.S.A.-C.Cr.P. art. 894.1 also outlines several mitigating circumstances which the trial judge is directed to weigh.
The record reflects that the trial judge considered several of the art. 894.1 aggravating and mitigating factors. He noted Arabie's prior conviction of simple burglary with a suspended sentence of five (5) years at hard labor and conviction of receiving stolen things with a sentence of ten years of which he had served four (4) prior to being paroled. He specifically found that Arabie's case included all three aggravating factors. In addition, he considered the other listed factors in mitigation and found that none of them applied, especially again noting Arabie's two prior convictions.
We hold that the trial court complied with the appropriate sentencing guidelines. Given such compliance, the appellate courts will not set aside a sentence imposed by the trial judge absent a manifest abuse of discretion. State v. Barnes, 491 So.2d 42 (La.App. 5th Cir.1986). We find no such abuse of discretion and consequently affirm Arabie's sentence of two years' imprisonment at hard labor.

ASSIGNMENT OF ERROR # 4
L.S.A.-C.Cr.P. art. 920 provides that "[t]he following matters and no others shall be considered on appeal: (1) An error designated in the assignment of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." For the purpose of an error patent review, the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Oliveaux, 312 So.2d 337 (La.1975). We find no patent errors.
AFFIRMED.