WATKINS, Judge.
Gary D. Howell was charged by bill of information with second degree battery, a violation of LSA-R.S. 14:34.1. The trial court granted defendant’s motion to quash the charge. The state now appeals that ruling, urging two assignments of error:
1. The trial court erroneously granted defendant’s oral motion to quash.
2. The trial court erroneously granted defendant’s motion to quash based upon a denial of his right to a speedy trial.
FACTS
Gary D. Howell was arrested on May 12, 1986, for committing a second degree battery upon Linnie Saxon on March 15, 1986. He was subsequently charged by bill of information with second degree battery, a violation of LSA-R.S. 14:34.1, on June 5, 1986. Defendant pled not guilty at arraignment on June 12, 1986, and a trial date was set for October 14, 1986.
On June 18, 1986, the trial court granted defendant’s motion for a preliminary examination and set the hearing for July 16, 1986. On June 18, 1986, defendant filed a motion for a speedy trial. On July 16, 1986, the preliminary examination was continued and reset for July 30, 1986. The minute entry of that date reflects that the trial court ordered defendant, the bondsman and witnesses subpoenaed. No additional minute entries for July and August appear in the record. A preliminary examination was set for September 3, 1986, at which defendant was present without counsel. The preliminary examination was again continued due to the absence of the victim/witness. It was reset for September 17, 1986; and the victim/witness was ordered subpoenaed upon motion of the state. No additional minute entries for the month of September appear in the record.
On October 13, 1986, defendant failed to appear in court, and an instanter attachment was issued for his arrest with bond set in the amount of $20,000.00. On October 16, 1986, defendant appeared in court for the preliminary examination. Defense counsel entered a motion to recall the instanter attachment, and the motion was granted.[1] This same date the preliminary *284 examination was continued until November 5, 1986, in order that the witnesses could be subpoenaed to appear.
The preliminary examination took place on November 5, 1986. The minute entry reflects the trial court found no probable cause to hold defendant, and a trial date was set for January 19, 1987. Defendant failed to appear for trial, and, on motion of the state, an instanter attachment for defendant’s arrest issued. Bond was set in the amount of $10,000.00. On February 23, 1987, the trial court ordered that the instanter attachment remain outstanding and set a return date of July 15, 1987. On July 16, 1987, defendant made an oral motion to quash the bill of information. Over the state’s objection, the trial court granted the motion.
ASSIGNMENT OF ERROR
We find merit in the state’s first assignment of error contending that an oral motion to quash is improper and was erroneously considered by the trial court. Under the provisions of LSA-C.Cr.P. art. 536 it is clear that a motion to quash must be in writing and must be signed by the defendant and his attorney. Since an oral motion to quash does not comply with the provisions of art. 536 it cannot be considered by the court. Accordingly, we are compelled to reverse the decision of the trial court. See State v. Rheams, 352 So.2d 615 (La.1977); State v. Lends, 255 La. 623, 232 So.2d 294 (1970). See also State v. Arable, 507 So.2d 859 (La.App. 5th Cir.1987).
In view of our holding on the state’s first assignment of error, we find no need to address the contentions of the second assignment of error.
For the foregoing reasons the trial court’s granting of the motion to quash based on a denial of defendant’s right to a speedy trial is reversed. This case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. The record reflects the instanter attachment was improperly issued and recalled due to the fact that defendant was informed by the district attorney that the charge of second degree battery would not be prosecuted due to failure to locate the victim/witness. The state denied such was the case and stated that defendant was told the charge would not be prosecuted because it was under the mistaken assumption that this matter had been disposed of in Amite City Court and, therefore, double jeopardy would apply if the district attorney proceeded.