ALFORD, Judge.
Earl Peters was indicted by the St. Helena Parish grand jury for first degree murder, in violation of La. R.S. 14:30. On the day trial began, the state amended the first degree murder indictment to a charge of second degree murder. Defendant was tried by a jury, which convicted him as charged. The trial court imposed the mandatory penalty of life imprisonment, without benefit of probation, parole or suspension of sentence. Defendant appealed, urging as his only assignment of error that the trial court erred by finding that the time limits for prosecution had not expired.
FACTS
Defendant was charged with the murder of his estranged wife, Lucy Griffin Peters. Defendant confronted the victim in the parking lot of the Pine Grove, Louisiana, post office. After a short altercation, he pulled a rifle from his vehicle and shot her two times. The victim was accompanied by her brother, Ray Charles Griffin. As Mr. Griffin attempted to come to the aid of his sister, defendant shot him twice in the arm. Mr. Griffin attempted to run to safety, and defendant shot him twice in the back as he fled. Defendant escaped. He turned himself in to the Bogalusa Police Department several days later. Thereafter, defendant was charged with the first degree murder of Lucy Griffin Peters and, by separate indictment, with the attempted first degree murder of Ray Charles Griffin.
SPEEDY TRIAL
The victim was killed September 10, 1984, and defendant was arrested September 13,1984. The trial began February 23, 1988. Defendant contends, therefore, that the trial was untimely under La.C.Cr.P. art. 578; and, further, that his constitutional right to a speedy trial was abridged.
La.C.Cr.P. art. 578 provides as follows:
Except as otherwise provided in this Chapter, no trial shall be commenced:
(1) In capital cases after three years from the date of institution of the prosecution;
(2) In other felony cases after two years from the date of institution of the prosecution; and
(3) In misdemeanor cases after one year from the date of institution of the prosecution.
The offense charged shall determine the applicable limitation.
*559 After the state amended the indictment to charge second degree murder, defendant orally moved to quash the charges, claiming that, since second degree murder was not a capital offense, the state was required to bring the matter to trial within two years of the date of his arrest. The trial court denied the motion.
Initially, we note that defendant failed to properly preserve his complaint in orally moving to quash the indictment. La. C.Cr.P. art. 536 provides for the filing of a motion to quash as follows:
A motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.
Although he easily could have done so, defendant failed to request the court to recess the proceedings to enable him to file a written motion. Since an oral motion to quash does not comply with the provisions of art. 536, it cannot be considered by the court. State v. Howell, 525 So.2d 283 (La. App. 1st Cir.1988).[1] Thus, defendant has waived any right he may have had to complain about lack of compliance with the time limitations imposed by La.C.Cr.P. art. 578. See La.C.Cr.P. art. 581; State v. James, 394 So.2d 1197 (La.1981).
Alternatively, defendant contends that he was denied his constitutional right to speedy trial. The constitutional right to a speedy trial attaches when an individual becomes an accused, either by formal indictment or bill of information, or by arrest and actual restraint. State v. Pleasant, 489 So.2d 1005 (La.App. 1st Cir.), writ denied, 493 So.2d 1218 (La.1986). The four factors to be considered in determining whether or not a defendant has been deprived of a speedy trial are: (1) the length of the delay; (2) the reason for the delay; (3)the defendant’s assertion of his right; and (4) prejudice to the accused. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Baker, 452 So.2d 737 (La.App. 1st Cir.1984). The peculiar circumstances of the case will determine the weight to be ascribed to the length of the delay and the reasons for the delay. See State v. Reaves, 376 So.2d 136 (La.1979).
As previously noted, defendant was arrested September 13, 1984, indicted March 20,1985, and tried for second degree murder on February 23-25, 1988.[2] During the intervening time, defendant filed approximately thirty-seven motions, including a motion for a change of venue, various motions to suppress the evidence, and several motions to convene sanity commissions. Pursuant to a defense motion filed in conjunction with defendant’s motion for a change of venue, the court conducted a mock voir dire to determine if an impartial jury could be selected. On at least one occasion (April 17, 1986), all parties appeared in court for the apparent purpose of entering a guilty plea to a charge of manslaughter; however, defendant refused the state’s offer. At least three trial dates were set and continued, those continuances for trials set on November 25, 1985, May 12, 1986, and July 29, 1986. On one other occasion (May 12, 1986), the court was unable to hear the case because of a scheduling conflict; and, apparently, the court sat in St. Helena Parish only every two and one-half months. Additionally, another trial date (July 29, 1986), was continued because of the absence of defense counsel, *560 who was involved in another jury trial in Livingston Parish. At various times throughout this period, the state specifically noted its readiness to proceed to trial, eventually moving for a special jury term to hear the matter. Thus, it appears that the delay of this matter was not occasioned by the actions of the state; rather, the delay is attributable to the operations of the court system, the scheduling conflicts of the court and the office of the public defender, and the various motions filed by defendant, some of which required court hearings.
Defendant filed a motion for a speedy trial on May 30, 1985; and, thereafter, he filed a motion to be released without bond obligation on June 19, 1986. The court conducted a hearing on August 21,1986, in order to determine if just cause existed for the delay. See La.C.Cr.P. art. 701 D (2).[3] The court apparently concluded that the delay was justified and denied the motion.[4] Nevertheless, it is clear that defendant asserted his right to a speedy trial. However, although we find the lengthy delay after defendant’s assertion of his right to be somewhat disturbing, at least a portion of that delay is attributable to defendant’s entry of the dual plea of not guilty and not guilty by reason of insanity after he was rearraigned and his request, at that time, for the appointment of a new sanity commission.[5] Nevertheless, defendant does not allege any prejudice which he might have incurred as a result of this delay; and the record does not reveal any manner in which defendant might have been prejudiced. We find, therefore, that defendant’s right to a speedy trial was not abridged.
For the reasons stated herein, the conviction of defendant by the trial court is affirmed.
AFFIRMED.

. In any event, under Article 578, the offense charged in the indictment determines the applicable limitation. Reduction of the charges to a lesser included offense had no effect on the applicable time limitation. See State v. Wilson, 363 So.2d 481 (La.1978).

. Although the minute entries reflect that the trial was held February 23, 24, and 25,1988, the date on the transcript of the trial and the reporter’s certificate bear the date of March 23, 24, and 25, 1988. On December 7, 1987, the state moved for the institution of a special jury term; and, pursuant to that order, the court set this matter for trial beginning February 23, 1988. Moreover, the transcript of the sentencing hearing and the reporter’s certificate of that hearing bear the date of March 2, 1988. Thus, it appears that the dates reflected on the transcript of the trial are incorrect; and the trial actually was conducted February 23-25, 1988.

. La.C.Cr.P. art. 701 D. provides as follows:
D. After the filing of a motion for a speedy trial by the defendant, the time period for commencement of trial shall be as follows:
(1) The trial of a defendant charged with a felony shall commence within one hundred twenty days if he is continued in custody and within one hundred eighty days if he is not continued in custody.
(2) The trial of a defendant charged with a misdemeanor shall commence within thirty days if he is continued in custody and within sixty days if he is not continued in custody. Failure to commence trial within the time periods provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.

. The transcript of the hearing reflects that the court received argument on the causes of the delay and, after a bench conference, denied defendant’s motion for release without bond and ordered that the defendant be rearraigned. The record does not actually contain articulated reasons for the ruling on defendant's motion, nor a specific finding that the delay was justified. In any event, defendant failed to seek review of the court’s ruling denying his release.

. In his brief, defendant contends that, after the court’s ruling, he objected-to the institution of a new sanity commission as a device to delay the trial and further suggests that the delay occasioned by the appointment of the new sanity commission should be attributable to the state. However, the transcript of that proceeding reflects the following exchange:
BY THE STATE: Your Honor, I assume this is a plea to both of these charges. There is (sic) two charges. He has entered his plea of not guilty and not guilty by reason of insanity. Is that to both charges?
BY DEFENSE COUNSEL: That is correct, Your Honor.
BY THE COURT: We need to appoint a sanity commission.
BY DEFENSE COUNSEL: We will present that motion to the Court, Your Honor, within ten days.
BY THE COURT: Do you wish to present to the Court at this time that Mr. Peters’ mental capcity (sic) is such that he is not able to assist you in the defense of these proceedings?
BY DEFENSE COUNSEL: Yes sir.
BY THE COURT: You do?
BY DEFENSE COUNSEL: Yes sir.
BY THE COURT: If that be the case, Mr. Dukes, then we will have to appoint a sanity commission.
BY DEFENSE COUNSEL: Could I ask Your Honor that I have some input in terms of getting a private psychiatrist or some kind of money from the Court to do that in addition to the one that may be appointed by the Court?
Thus, we find defendant's allegation that he objected to the sanity commission to be unsupported by the record.