WILLIAMS, Judge.
In this criminal appeal, the State claims the trial court erred in granting defendant’s motion to quash the bill of information because defendant’s written motion asserted only a misjoinder of offenses while her oral arguments supporting the motion and the trial court’s reason for granting the motion were both based upon prescription. We agree. LSA-C.Cr.P. art. 536 requires a motion to quash “be in writing” and “specify distinctly the grounds on which it is based,” and directs that “[t]he court shall hear no objection based on grounds not stated in the motion.” We, therefore, reverse the granting of the motion and remand to the trial court for further proceedings.
FACTUAL AND PROCEDURAL HISTORY
Defendant, Juanita DeGeorge, was previously charged by bill of indictment in case no. 326-158 “F” with seven counts of failing to file state sales tax, and in case no. 326-159 “F” with eleven counts of failing to remit state sales tax. The state sales tax claimed owed in those cases amounted to approximately $2,000 for the period of 1985 through 1988. Defendant pled nolo contendré in both cases pursuant to LSA-C.Cr.P. art. 893.
After defendant pled nolo contendré, New Orleans City accounts were audited. *697 The audit indicated defendant’s past due taxes amounted to substantially more than $2,000 for the period of 1985 through 1988. The audit approximated $7,500 was due for state sales tax and indicated $6,478.93 was due for city sales tax.
In response to the results of the audit, the State filed two bills of information against defendant. In case no. 330-205 “D”, the State alleged defendant failed to pay additional state sales tax and in case no. 331-426 “D”, the State alleged defendant violated LSA-R.S. 14:68 by using, without authorization, United States currency in the aggregate amount of $6,478.93, the equivalent of the amount owed to the City of New Orleans for past due sales tax.
This appeal arises out of the latter charge, case no. 331-426 “D”, alleging unauthorized use of a movable in violation of LSA-R.S. 14:68. Defendant filed a motion to quash the bill of information alleging only that the bill of information contains a misjoinder of offenses. During the hearing on the motion, however, the trial court allowed defendant to orally amend the grounds for the motion to include the objection of prescription. The trial court then granted the motion to quash based solely on grounds of prescription. From this adverse ruling, the State appeals.[1]
ASSIGNMENT OF ERROR
The State claims the trial court erred in quashing the bill of information in case no. 331-426 “D”. We agree.
LSA-C.Cr.P. art. 536 provides as follows: Art. 536. Form and contents of motion to quash; place to file
A motion to quash shall be in writing, signed by the defendant or his attorney, and filed in open court or in the office of the clerk of court. It shall specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion, (emphasis added)
This provision structures the statutory formalities for the form, content and filing of a motion to quash. Expressly, the article orders the court to hear no objection other than that stated in the written, signed and filed motion to quash. Further, the provision commands the court to hear no objection based on grounds not stated in the (written, signed and filed) motion. See also Official Revision Comment to C.Cr.P. art. 536.
The legislative requirements of article 536 are reasonable, based upon experience and designed to promote the efficient administration of justice. State v. Rheams, 352 So.2d 615 (La.1977). Compliance with the requirements imposes no undue burden on defendant. Id. Cf. State v. Lewis, 255 La. 623, 232 So.2d 294 (1970) [defendant’s oral motion to quash was properly denied where motion was not in writing and not timely filed]; State v. Howell, 525 So.2d 283 (La.App. 1st Cir.1988) [“Since an oral motion to quash does not comply with the provisions of art. 536 it cannot be considered by the court.”]; State v. Arabie, 507 So.2d 859 (La.App. 5th Cir.1987) [Art. 356 requires that motions to quash be in writing; therefore, defendant’s oral motion to quash was properly denied]; State v. Jackson, 460 So.2d 1183 (La.App. 2d Cir.1984) [n. 2: “even on appeal, the belated motion to quash or motion to arrest judgment must allege or specify distinctly the grounds on which the motion is based.”]. But see State v. Lang, 464 So.2d 776 (La.App. 5th Cir.1985) [the appellate court granted defendant’s oral motion to quash based upon the denial of right to speedy trial, where on 4 prior ocassions the State had been granted continuances for the absence of its prosecuting witness].
Defendant’s written, signed and filed motion to quash asserts only that the bill of information should be dismissed “because it contains a misjoinder of offenses.” Nevertheless, the trial court heard an objection other than the one stated in the written motion by allowing it to be orally amended to include an objection of pre *698 scription. The court then granted the motion based solely on the orally amended grounds of prescription.
As the trial court’s action was in clear contravention of article 536, we are constrained to reverse the granting of the motion and to remand the case for further proceedings.
REVERSED AND REMANDED.

. Defendant also filed a motion to quash in case no. 330-205 "D”, which the trial court granted on grounds of double jeopardy. The State decided not to pursue its appeal of that case, opting instead to pursue only this appeal.