| STATE OF LOUISIANA | * | NO. 2020-KA-0403 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| CALVIN M. WILLIAMS JR. | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 546-573, SECTION "B"
Honorable Tracey Flemings-Davillier, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Rosemary Ledet, Judge Sandra
Cabrina Jenkins)

*Love, J., dissents and assigns reasons*

Leon A. Cannizzaro, Jr., District Attorney
Donna R. Andrieu, Assistant District Attorney
Irena Zajickova, Assistant District Attorney
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

      COUNSEL FOR THE STATE OF LOUISIANA/APPELLANT

Laura Bixby
ORLEANS PUBLIC DEFENDERS
2601 Tulane Avenue, Suite 700
New Orleans, LA 70119

      COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED AND REMANDED**
**DECEMBER 16, 2020**

*RML*
*SCJ*

This is a criminal case. The State seeks review of the district court's judgment granting Calvin Williams' motion to quash. For the reasons that follow, we reverse and remand.

## BACKGROUND

On December 20, 2018, the State filed a bill of information charging Mr. Williams with one count of aggravated battery. On the morning of trial, August 15, 2019, Mr. Williams moved to have video, allegedly of the battery, excluded. After the jury was selected but before the jury was sworn, the district court granted the motion. The State gave notice of its intent to seek supervisory writs and moved for a stay of the proceedings. The district court denied the stay and ordered that the trial proceed. In response, the State dismissed the case.

The next day, the State reinstituted the case. In response, Mr. Williams filed a motion to quash the prosecution, asserting the following three grounds: (1) that, through the dismissal and reinstitution, the State had flaunted its authority at Mr. Williams' expense; (2) that the dismissal and reinstitution violated Mr. Williams' right to procedural due process; and (3) that the dismissal and reinstitution violated

1

the separation of powers. After briefing and argument, the district court quashed the prosecution—on a ground not articulated in the motion—as follows:

> The Court obviously considered Louisiana Code of Criminal Procedure Article 532 of general grounds for Motion to Quash. The Court also considered Louisiana Code of Criminal Procedure Article 576 for filing of new charges upon dismissal of prosecution. In the second subsection of that particular article the article expressly says, "That a new prosecution shall not be instituted under this article following a dismissal of the prosecution by the District Attorney unless the State [shows] that the dismissal was not for the purpose of avoiding a time limitation for commencement of trial established by Article 578."

> \* \* \*

> [T]he sequence of events on the day of the trial [in] the previous case indicates that the State entered a dismissal in order to avoid the issue with respect to prescription or statutory limitations.

This appeal followed.

## DISCUSSION

In its sole assignment or error, the State seeks review of the district court's judgment granting Mr. Williams' motion to quash. In *State v. Trepagnier,* 14-0808, p. 5, n. 3 (La. App. 4 Cir. 11/19/14), 154 So.3d 670, 673, this court set forth the standard of review for a district court's ruling on a motion to quash as follows:

> The standard of review that we apply in reviewing a district court's ruling on a motion to quash varies based on the types of issues presented. When solely legal issues are presented—such as in the present case involving a motion to quash under La. C.Cr.P. art. 535A(1) for failure to charge an offense punishable under a valid statute—we apply a *de novo* standard of review. *State v. Olivia*, 13-0496, pp. 2-3 (La. App. 4 Cir. 3/26/14), 137 So.3d 752, 754; *State v. Schmolke*, 12-0406, p. 4 (La. App. 4 Cir. 1/16/13), 108 So.3d 296, 299; *see also State v. Hamdan*, 12-1986, p. 6 (La. 3/19/13), 112 So.3d 812, 816 (noting that "[o]n appeal from the trial court's ruling on a motion to quash, the trial court's legal findings are subject to a de novo standard of review"). In contrast, when mixed issues of fact and law are presented—such as speedy trial violations and *nolle prosequi* dismissal—reinstitution cases—we apply an abuse of discretion standard. *State v. Hall*, 13-0453, pp. 11-12 (La. App. 4 Cir. 10/9/13), 127 So.3d 30, 39 (citing *State v. Tran*, 12-1219, p. 2 (La. App. 4 Cir.

2

4/24/13), 115 So.3d 672, 673, n. 3) (explaining that "[i]n reviewing rulings on motions to quash where there are mixed questions of fact as well as law, as here, a trial judge's ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion"); *State v. Love*, 00-3347, pp. 9-10 (La. 5/23/03), 847 So.2d 1198, 1206 ("[b]ecause the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion").

*Id.*; *see also State v. Kelly*, 13-0715, p. 2, n. 2 (La. App. 4 Cir. 1/8/14), 133 So.3d 25, 27; *State v. Williams*, 14-0477, p. 6 (La. App. 4 Cir. 12/17/14), 156 So.3d 1285, 1288 (quoting *Kelly*, *supra*).

The State contends that, because "the record does not reflect that the State dismissed and reinstituted the charges [*sic*] to avoid the time limitations set forth in the Louisiana Code of Criminal Procedure," the district court abused its discretion in granting Mr. Williams' motion to quash on that ground.[1] We agree.

---

[1] Notably, the State does not contend that the district court abused its discretion by quashing the prosecution on a ground not articulated in Mr. Williams' motion. In such a situation, this court has observed as follows:

> Ordinarily, a judgment granting a motion to quash based on a ground not urged in the motion is subject to reversal. La. C.Cr.P. art. 536 (providing that a motion to quash "shall be in writing," that it must "specify distinctly the grounds on which it is based," and that a district court "shall hear no objection based on grounds not stated in the motion"); *see also State v. DeGeorge*, 90-159 (La. App. 4 Cir. 1990), 572 So.2d 696, 697 (reversing a judgment granting a motion to quash based on a ground not stated in the motion). When, as in this case, however, the State fails to object to the district court's judgment on that basis and fails to assign as error and brief the issue on appeal, the State is deemed to have "waived any claim it may have [had] that the trial court could not consider" the ground not raised in the motion to quash. *State v. Mathews*, 12-0182, p. 10 (La. App. 4 Cir. 2/6/13), 109 So.2d 984, 991, *rev'd on other grounds*, 13-0525 (La. 11/15/13), 129 So.3d 1217.

*State v. Wells*, 18-0765, p. 3, n. 2 (La. App. 4 Cir. 12/19/18), 262 So.3d 294, 297. In this case, the State not only failed to object to the district court's ruling on the basis that it had quashed the prosecution on a ground not articulated in the motion but also concedes—incorrectly—on appeal that the motion to quash "argue[d] that the State dismissed the case to circumvent the statutory time limitations to bring the defendant to trial." Accordingly, we review the merits of the district court's judgment granting Mr. Williams' motion to quash.

In Louisiana, "[d]istrict attorneys are imbued with vast authority over criminal prosecutions—they alone determine whom, when, and how they shall prosecute and may dismiss an indictment or a count in an indictment at their discretion without leave of court." *State v. Reimonenq*, 19-0367, p. 4 (La. 10/22/19), 286 So.3d 412, 415 (citing LA. CONST. Art. V, § 26(B); La. C.Cr. P. art. 61).[2] That authority, however, is not unlimited. One limitation is codified by La. C.Cr.P. art. 576, which provides as follows:

> When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant's consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect, irregularity, or deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.
>
> A new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578.

The record reflects that this prosecution was originally instituted on December 20, 2018. Pursuant to La. C.Cr.P. art. 578, because Mr. Williams is charged with a non-capital felony, the State had two years—or until December 20,

---

[2] Article V, Section 26(B) of the Louisiana Constitution provides, in relevant part, that "a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district, be the representative of the state before the grand jury in his district, and be the legal advisor to the grand jury. Article 61 of the Louisiana Code of Criminal Procedure provides, in relevant part, that a district attorney "has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." Additionally, Article La. C.Cr.P. art. 691 provides, in relevant part, that a district attorney "has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court."

2020—to bring him to trial.[3] The dismissal of the original prosecution occurred more than a year before the expiration of that two-year period, and the State reinstituted the prosecution the following day. At that time, the case was once again in trial posture. Thus, the record does not support the district court's finding that the State dismissed and reinstituted this prosecution for the purpose of avoiding the time limitation set forth in La. C.Cr.P. art. 578; and the district court abused its discretion in granting Mr. Williams' motion to quash on that ground.

Accordingly, we reverse the district court's judgment and remand to the district court. Additionally, because Mr. Williams' motion to quash asserts three additional grounds—the flaunting of authority, the violation of due process, and the violation of the separation of powers—that the district court failed to address, we reserve Mr. Williams' right to re-urge those grounds on remand.

## DECREE

For the foregoing reasons, the district court's judgment granting Mr. Williams' motion to quash is reversed; and the case is remanded.

**REVERSED AND REMANDED**

---

[3] Indeed, the State had more than two years to bring Mr. Williams to trial. The record reflects that on January 11, 2019, Mr. Williams filed motions for discovery, a preliminary examination, and suppression of various of types of evidence. The effect of those motions was to suspend the two-year limitation on the commencement of trial until the district court ruled on them or they were withrdrawn. *See* La. C.Cr.P. art. 580 (providing that "[w]hen a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial"); *State v. Allen*, 03-2815, pp. 8-9 (La. 4/23/04), 871 So.2d 1097, 1102 (observing that "[f]or purposes of Article 580, a preliminary plea is any pleading or motion filed by the defense that has the effect of delaying trial" and that "[s]uch pleadings, we have found, include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars") (internal citations omitted).

5