(91 South. 294)

No. 25100.

### CITY OF SHREVEPORT v. DUSIS.

(March 13, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations ⊜⇒639(1)—Affidavit held to charge violation of Building Code.**

Affidavit that defendant unlawfully applied a residence to the use of a business building for which a better construction is required under the Building Code, without making the construction conform to requirements for such use, charges a violation of the Building Code, in view of sections 9, 10, 11, 98, placing buildings in different classes according to their use, and forbidding the use of a building in one class for purposes appertaining to another class.

2. **Municipal corporations ⊜⇒631(2)—Section of Building Code fixing punishment for violation of its provisions held applicable to use of building of one class for purposes appertaining to another.**

Building Code, § 320, making a person who constructs, alters, removes, moves, or maintains a building or structure in violation of the provisions of the Code guilty of a misdemeanor, and prescribing the punishment therefor, *held* applicable to the use of a building in one class for purposes appertaining to another class.

3. **Municipal corporations ⊜⇒639(1)—Whether residence building was used for business purposes before passage of ordinances held question of fact not to be determined on motion to quash affidavit charging violation of ordinances.**

In prosecution for using a residence for business in violation of the Building Code prohibiting use of building in one class for purposes appertaining to another class, the question of whether the building had been in operation for business purposes before the passage of the ordinance was one of fact to be determined on the trial of the merits, and could not be considered on a motion to quash the affidavit.

4. **Municipal corporations ⊜⇒594(2)—Building Code held not ultra vires on ground that but one general penal clause covered entire Code.**

Under Act No. 156 of 1910, the Building Code of the city of Shreveport, containing 322 sections, each defining a separate offense, *held* not ultra vires on the ground that there was only one general penal clause covering the entire Code.

5. **Municipal corporations ⊜⇒601—City authorized to enact building Code.**

Under Act No. 220 of 1912, a city is authorized to enact a Building Code.

6. **Municipal corporations ⊜⇒625, 626—Building Code held not discriminatory, unjust, or unreasonable.**

The provisions of the Building Code of the city of Shreveport *held* not amenable to the charge of being discriminatory, unfair, unjust, or unreasonable.

Appeal from City Court of Shreveport; D. B. Samuels, Judge.

Frank Dusis was convicted of violating certain city ordinances, and he appeals. Affirmed.

Cal. D. Hicks, of Shreveport, for appellant.

George G. Dimick, of Shreveport, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

THOMPSON, J. The defendant was charged by affidavit with violating certain city ordinances of the city of Shreveport, was tried before the city judge, convicted, and sentenced to pay a fine of $10 and costs, and in the alternative to serve 10 days in jail. He brings this appeal, and relies for a reversal of the conviction and sentence and for his discharge on grounds set forth in a motion to quash the affidavit, which he filed before pleading to the accusation.

The charge made in the affidavit is that defendant—

"unlawfully did apply a building of one class, to wit, a residence at No. 612 Market street, to the use of another class, to wit, a business building for which a better system of construction is required under the Building Code, without making the construction and equipment of such building conform to the requirements for such intended use, all in violation of the ordinances of the city of Shreveport and against the peace and dignity of the same."

The building Code of the city of Shreveport was compiled in 1916, and its title reads:

"An ordinance establishing a Code to govern the construction, alteration, addition, repairs, moving and demolishing of buildings and their equipment and appurtenances; providing for the safety of workmen and the public; providing fire prevention rules; fixing penalties for violations and repealing all ordinances or parts of ordinances in conflict herewith."

Section 9 of the Code, being one of the ordinances under which the charge is made, provides:

"No building or structure or part thereof, of one class, shall be applied to the use of any other class for which a better system of construction is required by this Code, until the construction and equipment of such building or structure or part thereof, is first made to conform to the requirements of this Code for said intended use."

"No change in the manner of occupancy shall be made in any story of any building or structure, or part thereof, tending to increase the floor loads or the number of persons to be accommodated therein until there shall have been issued a certificate of occupancy, covering such new use or manner of occupancy; nor shall the manner of occupancy nor the purpose for which building or structure, or part thereof is used, be changed, except in conformity with the requirements of this Code as to exits and floor loads."

Section 10 of the Code provides for the classification of buildings according to the method of construction, such as frame buildings, nonfireproof construction, ordinary construction, mill construction, fireproof construction.

Section 11 provides the classification as to occupancy, such as public buildings, residence buildings, and business buildings.

Section 98 provides:

"All ordinary construction nonfireproof buildings of classes C and D, where the lower stories or portions thereof are used for business and the stories above for residence purposes, shall have all partitions and ceilings separating the business portions from the residence portions, covered with ¾ inches of cement or cement tempered plaster on metal lath or plaster fiber board, or plaster board covered with sheet metal, or other equivalent fireproofing approved by the building inspector."

[1] We have copied the foregoing provisions of the Code at length, because of the contention of defendant's counsel that the affidavit charges the defendant with no act which is a violation of any ordinance of the city. The sections quoted define public, residence, and business buildings, and places them in different classes. And the use of a building of one class for purposes appertaining to another class is expressly forbidden. That is the precise charge against the defendant. The ordinances themselves furnish sufficient answer to the first complaint of the motion to quash.

[2] The second ground of attack is that there is no penalty attached to or connected with the ordinances.

Section 320 of the Building Code provides that a person who shall construct, alter, remove, move, or maintain a building or structure or any of its appurtenances or do any work in violation of any of the provisions of this Code shall be guilty of a misdemeanor, punishable, etc. The penal clause is broad enough to include the particular act of violation charged against the defendant. Whether it is inoperative or ineffective as applied to the defendant will be discussed when we come to consider his fourth and fifth ground of complaint.

[3] The third cause of attack is that the ordinances as applied to defendant are ineffective and retroactive, because the house

had already been erected and in operation as a business quarter, and had been before the passage of the ordinances. The point involves a question of fact to be determined on the trial of the merits, and has no place in a motion to quash. It was within the province of the trial judge to decide whether the evidence brought the defendant within the charge. There is nothing in the affidavit which discloses that the house was erected and in operation as a business house before the ordinances went into effect. But, even if that were true, it was within the power of the city to require that the building be made to conform to its regulations in structure and in its use and occupancy.

[4] The fourth and fifth complaint is that the ordinances are ultra vires of the authority of the city to pass and enforce them, and that they are unconstitutional, null, and void, for the reasons that the Building Code contains 322 sections, each defining a separate offense, and only in one section (320) is found any provision which fixes a penalty, and that provides for the "punishment for violation of the provisions of the Code."

In other words, it is the contention of counsel that the city of Shreveport is without authority to pass a code of laws embracing many different subjects, with but one general penal clause covering the entire Code. But the rule invoked does not apply to municipal ordinances. Thus in 28 Cyc. 378, it is said the provision found in the legislative articles of state Constitutions that no bill shall be passed containing more than one subject has been consistently construed by the courts, to have no application to municipal ordinances and by-laws. Duplicity in the body of the ordinance will not invalidate it. The same work, at the same page, cites instances where, even under statutes and charters which forbid the passage of an ordinance embracing more than one subject, and which statutes and charters are

generally held to be mandatory, it was held that an ordinance is valid defining and prescribing the punishment for 26 offenses, and this in spite of the mandatory inhibitions of the statute or charter. The principle cannot be different when applied to a code of laws the provisions of which relate to the one subject, the regulation of the construction and the use and occupancy of frame and combustible buildings, so essential to the welfare and to the interest and the safety of the citizens, their lives, health and property.

The Legislature, however, by act 156 of 1910, has expressly empowered cities having a population exceeding 10,000 inhabitants to adopt a code or codes embracing all of the laws and ordinances which such cities were then authorized or should thereafter be authorized to pass in the same manner as a single ordinance is permitted to be adopted. It follows that the power to adopt a code including all of the ordinances and by-laws of a municipality includes the authority to adopt by like method the rules, regulations, and by-laws covering a particular subject-matter, with but a single penal clause attached.

All of the provisions of the Building Code are germane to the subject-matter with which the Code deals, and which is indicated by the title it bears, and are responsive thereto. In providing by one section a penalty for violation of the Code's provisions, the city violated no rule of law or reason, but was well within the legislative authority granted by the Act of 1910.

The authorities cited and relied on by counsel for defendant, are sound in principle, but have no application to this case. In State v. Schuchardt, 42 La. Ann. 52, 7 South. 67, the court merely held that the power in a municipal corporation to control the owners of property within its limits in using or building their property in a manner different

from their inclination, desire or convenience, cannot be ranked among the implied and incidental powers which such corporations may exercise, in the absence of express legislative mandate.

[5] In the passage of the ordinances we are considering, if it be conceded that the power was not inherent in the city in the exercise of its incidental and police power, the city had been specially delegated by the Legislature to adopt such ordinances by Act 220 of 1912, which was not the case in 42 La. Ann. 52, 7 South. 67, above quoted.

In State v. Zurich, 49 La. Ann. 447, 21 South. 977, it was held that a charter giving a city power to regulate the safety, height, and thickness of walls and buildings does not authorize an ordinance to punish with a penalty one who erects a building without the approval of the city engineer. The mere reading of the case will show the want of application to the defendant's case.

In the City of Crowley v. Duson, 147 La. 520, 85 South. 226, the defendant was charged with removing a wooden frame building from one lot to another in said city in violation of an ordinance providing against the construction or erection of wooden buildings within the fire limits. The authority of the city to make such regulations and to impose a penalty was questioned. It was contended by the city, however, that the power to prevent the erection of a wooden building within the fire limits includes the right to prohibit the removal of such a structure from one lot to another within said district, and that the power is inherent in all municipal corporations, independent of statute or express law, by virtue of their police power, to enact and enforce all reasonable regulations for the safety, health, etc., of their inhabitants, and that this includes the right to provide reasonable rules for the prevention of fires. The contention was sustained, and the court said:

"The decided weight of authority supports the contention of the city both as to the interpretation of the language of the statute with reference to the 'erection' of a building and as to its rights under the police power."

[6] Our conclusion is that the charge against the defendant is covered by the provisions of the Building Code of the city of Shreveport; that said city was acting within legal authority in adopting said Code, and that its provisions are not unconstitutional, and are not amenable to the charge of being discriminatory, unfair, or unjust, or unreasonable.

It is therefore ordered and decreed that the conviction and sentence of the defendant be, and they are, affirmed.