354 So.2d 1327 (1978)
STATE of Louisiana
v.
Larry Paul TUCKER.
No. 60409.
Supreme Court of Louisiana.
January 30, 1978.
Rehearing Denied March 3, 1978.
*1328 Donald R. Jory, Jennings, for defendantappellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Larry Paul Tucker was charged in the same information with three separate counts of contributing to the delinquency of a juvenile in violation of La.R.S. 14:92A(8). After trial by a judge, defendant was found guilty as charged on each of the three counts. On the first count, defendant was sentenced to serve six months in the parish jail and to pay a fine of two hundred and fifty dollars plus court costs, or, in default thereof, to serve six months in the parish jail. On each of the remaining counts, defendant was sentenced to serve six months in the parish jail. The terms of imprisonment were ordered to be served consecutively. The trial judge suspended execution of the jail sentences and placed defendant on supervised probation for a period of two years. On appeal, defendant relies upon two assignments of error for reversal of his convictions and sentences.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to quash the bill of information grounded on the claim that the statute under which he was charged (La.R.S. 14:92) is unconstitutionally vague.
*1329 Article 1, section 13 of the Louisiana Constitution of 1974 provides that in a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. This constitutional guarantee requires that penal statutes describe unlawful conduct with sufficient particularity and clarity that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. State v. Defrances, 351 So.2d 133 (La.1977); State v. de la Beckwith, 344 So.2d 360 (La.1977); State v. Lindsey, 310 So.2d 89 (La.1975). Under the fourteenth amendment to the United States Constitution, words and phrases used in statutes must not be so vague and indefinite that any penalty prescribed for their violation would constitute a taking of liberty or property without due process of law. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); State v. de la Beckwith, supra; State v. Lindsey, supra.
La.R.S. 14:92A(8) provides:
Contributing to the delinquency of juveniles is the intentional enticing, aiding or permitting, by anyone over the age of seventeen, of any child under the age of seventeen, and no exception shall be made for a child who may be emancipated by marriage or otherwise, to: . . .
Absent himself or remain away, without authority of his parents or tutor, from his home or place of abode; . . .
We are of the opinion that this provision "give[s] a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." Papachristou v. City of Jacksonville, supra. Accordingly, the statutory provision is not unconstitutionally vague.
Nor is the statute unconstitutionally overbroad. The fourteenth amendment to the United States Constitution protects individuals from incursions by the state into certain areas of their lives. A statute is overbroad and, thus, constitutionally defective if it extends state criminal authority beyond the proper reach of government into one of these protected private areas. Scott v. District Attorney, Jefferson Parish, State of La., 309 F.Supp. 833 (E.D.La.1970), aff'd, 437 F.2d 500 (5th Cir. 1971). See also Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). Hence, overbreadth is a concept which applies only to cases where a constitutionally protected right is claimed in the prosecution. State v. Cox, 352 So.2d 638 (La.1977). The act of "intentionally enticing, aiding or permitting" a juvenile to absent himself or remain away from home "without authority of his parents or tutor" is not conduct protected by the federal or state constitutions. Accordingly, La.R.S. 14:92A(8) is not unconstitutionally overbroad.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in denying his motion for a new trial.
Defendant's motion was grounded on the sole contention that the verdict was contrary to the law and evidence. This contention was not the basis for the assigned error to be urged on appeal; nor was it briefed or argued on appeal. Hence, we consider it to have been abandoned. In any event, it is well settled that, even where error is assigned to the refusal of the trial judge to grant a motion for a new trial on the allegation that the verdict is contrary to the law and evidence, nothing is presented for our review. State v. Provost, 352 So.2d 661 (La.1977); State v. Fowlkes, 352 So.2d 208 (La.1977); State v. Williams, 343 So.2d 1026 (La.1977); State v. Jack, 332 So.2d 464 (La.1976); State v. Bartley, 329 So.2d 431 (La.1976).
The basis for the assigned error of the trial judge in refusing to grant defendant's motion for a new trial and the one briefed on appeal is that the statute under which he was convicted (La.R.S. 14:92) is unconstitutionally vague. This contention was considered in Assignment of Error No. 1 and, *1330 for reasons assigned therein, is without merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
TATE, DIXON and CALOGERO, JJ., dissent. The evidence does not prove a violation of the statute. If the statute is construed to cover the conduct (that a tenant is held criminally responsible for the illegal action of a co-tenant, of which the accused tenant had no knowledge), the statute is unconstitutional.