582 So.2d 1266 (1991)
CITY OF BATON ROUGE
v.
Don SCHMIEDER.
No. 90-KA-0260.
Supreme Court of Louisiana.
June 21, 1991.
*1267 Carl J. Jackson, John Naquin, Baton Rouge, for appellant.
*1268 Sam J. D'Amico, D'Amico, Curet, & Dampf, Baton Rouge, for appellee.
CALOGERO, Chief Justice.
This case is on appeal to this Court from a finding by the City Court of Baton Rouge that a city zoning ordinance is unconstitutional. La.Const. Art. V, § 5(D) (1974).
Finding that the ordinance is neither unconstitutionally vague nor overbroad, and that defendant's motions to dismiss the appeal are not meritorious, we reverse the judgment of the city court and remand for a judgment on the merits.
On September 24, 1987, the City Prosecutor of Baton Rouge filed an affidavit charging defendant, Don Schmieder, with violating Section 7:4.404 of the Code of Municipal Ordinances of the City of Baton Rouge and the Parish of East Baton Rouge. That ordinance provides in part that "where there is a servitude on a lot, no part of a building shall be built upon or overhang any part of the servitude." Section 7:11.1 provides that any person who violates any of the provisions of that chapter (which includes Section 7:4.404) is guilty of a misdemeanor and may be fined between $10.00 and $25.00 or imprisoned for not more than thirty days for each day the violation continues.
Defendant entered a plea of not guilty and the case came to trial in Baton Rouge City Court on October 31, 1989. He represented himself. Before the first witness was called, defendant stated his concern over whether the case was criminal or civil. Defendant insisted that he be permitted to prove that the case against him was a civil, not a criminal one. The court explained to the defendant that this was a criminal matter and suggested that the proper mechanism to raise his argument was a motion to quash for failure to charge defendant with a criminal offense punishable under a valid statute. The judge related that the State would have the burden of proving that the ordinance puts an ordinary person on notice that an ordinance violation is criminal in character. The court thereupon urged a motion to quash on behalf of the defendant by stating that it would entertain defendant's argument as an oral motion to quash. The court cited La.C.Cr.P. art. 521 in allowing the motion to be made untimely. The court referred the motion to the merits of the case. The City objected, stating that defendant had over two years to file such a motion and had been represented by at least three attorneys during that time.
After a trial on the merits, the city court granted the motion to quash, finding the statute to be unconstitutionally vague and overbroad. The court thereupon released defendant from his bond obligation and stated that he was free to go.
The relevant facts regarding defendant's being charged are these. In 1965, developers subdivided Goodwood Villa in Baton Rouge and dedicated various servitudes across each lot "to the perpetual use of the public ... for use of utilities, drainage, sewage removal, or other proper purpose..." The dedication also provided that no building, structure or fence can be constructed within the limits of the servitude so as to "prevent or unreasonably interfere with any purpose for which the servitude is granted." At the time of defendant's arrest, the servitude was being used by Gulf States Utilities to run overhead voltage wires and transmission lines.
Defendant purchased a lot in the subdivision and built a carport at the rear of his property in 1966. He concedes that the carport extended into the fifteen foot servitude along the back of the lot. Defendant was served with a summons for this violation in 1969, but it is not clear that any further action was taken at that time. On August 11, 1987, the City issued defendant a permit to build a six foot high masonry fence along the property line at the back of the lot. This fence would intrude upon the servitude. Ellis Chavers, chief building inspector for the City of Baton Rouge, testified that the City does allow a property owner to build a fence within a servitude "at his own risk," but that defendant was specifically not given permission to build a brick wall enclosing the carport. The City was apparently concerned with defendant's adding to his carport and having an enclosed *1269 garage on the servitude. Joe McMorris, assistant building official, testified that he told defendant when he issued the permit that defendant could put a fence along the back line but could not put up a brick wall enclosing the carport.
On September 9, 1987, Chavers visited defendant's home and found that he had begun laying the foundation for a brick wall to enclose the carport. He testified that he told defendant that the permit did not allow enclosure of the carport and asked him not to continue with this construction. Chavers returned to the property later that day to find that defendant had resumed work on enclosing the carport. Chavers called the police, who issued defendant a misdemeanor summons for violating Section 7:4.404 (building overhanging a servitude).
As earlier stated, at trial the city court ruled on defendant's motion to quash by finding the ordinance to be unconstitutional. The City took an appeal to this Court from the city court's finding. Defendant filed several motions to dismiss the appeal. On appeal, defendant's primary contentions concern 1) whether the appeal should be dismissed because another or renewed prosecution would be barred by the Double Jeopardy clauses of the Federal and State Constitutions, and 2) whether the statute in question is unconstitutionally vague or overbroad.

MOTIONS TO DISMISS APPEAL
Defendant filed a motion and two supplemental motions to dismiss this appeal. These motions present two distinct arguments. The first is that he was "acquitted" by the city court, and that therefore, the City cannot take an appeal from that decision. The second argument is that the City cannot take an appeal from the decision (on the "oral" motion to quash) declaring the statute unconstitutional, because the City failed to make a contemporaneous objection to that ruling. Neither of these contentions has merit.
Defendant claims that an appeal from this judgment could could result in his being placed on trial again, a violation of his right not to be twice put in jeopardy for the same offense. U.S. Const., Amend. 5; La.Const. Art. I, Sec. 15. Louisiana's statutory scheme regarding double jeopardy appears in the following provisions. La. C.Cr.P. art. 591 provides that no person shall be put in jeopardy of life or liberty twice for the same offense except, when on his own motion, a new trial has been granted, the judgment has been arrested or a mistrial has been ordered. La.C.Cr.P. art. 592 provides in part that "when a defendant pleads not guilty, and is tried without a jury, jeopardy begins when the first witness is sworn at the trial on the merits." La.C.Cr.P. art. 912(B) provides that the state may not appeal a verdict of acquittal. That section also lists certain judgments and rulings which may be appealed by the state, including a motion to quash. La.C. Cr.P. art. 912(B)(1).
Defendant argues that jeopardy had attached in this case and that the City could not appeal the city court's "acquittal," citing State v. Baskin, 301 So.2d 313 (La. 1974) and State v. Johnese, 304 So.2d 331 (La. 1974). However, in those cases, the trial judge had granted a directed verdict of acquittal for lack of evidence. In this case, the city court did not acquit defendant. The city court decided only the merit of the motion to quash and the constitutionality of the statute. The court did not decide defendant's guilt or innocence. The court gave the following reasons for its judgment:
"It's a conclusion of this court that the requirements of vagueness and overbreadth ought to be construed narrowly and that ordinances ought to be written in such a manner as to clearly put persons on notice that if they fail to do something, or that they do do something that's proscribed by the ordinances, that that's criminal, subjecting them to the possible prospect of deprivation of not only their money but their liberty. And believing that this particular ordinance does not meet muster, I'm going to declare it unconstitutional as a criminal ordinance."
*1270 Additionally, there is no need for defendant to have to go through a second trial on this offense. Should this Court overturn the city court's ruling on the motion to quash, we need only remand the case to the city court for a ruling on the merits of the case. The judge has already heard all testimony, has a complete record, and can now make a decision on defendant's guilt or innocence. There is no need in this case to empanel a new jury or conduct a new trial. A successful appeal by the City therefore will not result in violating defendant's constitutional or statutory rights against double jeopardy.
While motions to quash are usually filed before the beginning of trial, and appeals or writs thus taken from adverse rulings before the swearing of witnesses or empaneling of jurors, such is not always the case. In fact, C.Cr.P. art. 535(E) specifically authorizes the court to defer a hearing (and by implication, the ruling) on a motion to quash until the end of a trial. As stated earlier, the Legislature also specifically provided that the state may appeal an adverse ruling on a motion to quash, in C.Cr.P. art. 912(B)(1). Clearly, the Legislature intended that any adverse ruling on a motion to quash should be appealable, whether the ruling was made before, during or after a trial on the merits.
Defendant also argues that the City may not appeal because it did not object to the court's ruling on the oral motion to quash. La.C.Cr.P. art 841(A) provides that an error cannot be availed of after a verdict unless it was objected to at the time of occurrence. Article 841(B) states that the requirement of an objection shall not apply to the court's ruling on any written motion. Defendant's argument that these provisions preclude an appeal in this case is without merit.
"It is well settled in our law that an objection need not be raised by incantation. It is sufficient that a party, at the time the ruling or order of court is made or sought, makes known to the court the action which he desires the court to take, or his objections to the action of the court, and the grounds therefor." State v. Vanderpool, 493 So.2d 574, 575 (La. 1986), citing C.Cr.P. art. 841 and State v. Boutte, 384 So.2d 773 (La.1980). The contemporaneous objection rule has two purposes: 1) to put the trial judge on notice of the alleged irregularity so that he may cure the problem and 2) to prevent a defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by objection. State v. Thomas, 427 So.2d 428, 433 (La.1982) (on rehearing).
In this case, the City made it known at trial that it believed the motion to quash should be denied. When asked to present his arguments as to the constitutionality of the ordinance, the City Attorney stated:
"I don't think there's anything vague about the statute, Your Honor, and I don't think there's any overbreadth. Section 404 clearly tells a property owner what ... he can and can't do in this kind of situation. Moreover, I think that anybody, in reading, this can ... apply very easily ... what it's there for; to affect [sic] a reasonable and easy access to utilities by all people in the particular neighborhoods.
Moreover, the penalty section is very clear. I don't see any vagueness, I don't see any overbreadth. I just simply see a man trying to do what he wanted to do and without having any concern and consideration for the law that is there to help everybody else."
Whatever the merit of defendant's contention that the City needed to object to the granting of the motion to quash in order to appeal it, it is evident that the City did all it could to preserve its appeal by making the arguments above. This appeal is therefore properly before us.

MOTION TO QUASH: CONSTITUTIONALITY OF 7:4.404
We now address defendant's contention and the city court's finding that Section 7:4.404 of the Baton Rouge Municipal Ordinances is unconstitutional. Section 7:4.404 provides:
Belt courses, eaves, cornices and ornamental features may project half the yard depth but not more than four (4) *1271 feet in a required yard. Where there is a servitude on a lot, no part of a building shall be built upon or overhang any part of the servitude, except where that servitude is obtained from the developer by Gulf States Utilities Company, Dixie Electric Membership Corporation or South Central Bell Telephone Company, is provided and used for underground facilities only, and the using utility company provides written approval to the building official. (emphasis added)
The court found this section unconstitutionally vague because it did not put persons of ordinary intelligence on notice that their actions are proscribed by this ordinance and that such actions carry a criminal penalty with them.
Under the Fourteenth Amendment, words and phrases used in statutes and ordinances must not be so vague and indefinite that any penalty prescribed for their violation would constitute a taking of liberty or property without due process of law. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); State v. Mallett, 357 So.2d 1105 (La. 1978); State v. Tucker, 354 So.2d 1327 (La. 1978). The constitutional guarantee that the accused be informed of the nature and cause of an accusation requires that penal statute describe unlawful conduct with sufficient particularity and clarity such that ordinary persons of reasonable intelligence would be capable of discerning the statute's meaning and conforming their conduct thereto. La.Const. Art. I § 13; State v. Azar, 539 So.2d 1222 (La. 1989); State v. Powell, 515 So.2d 1085 (La.1987); State v. Tucker, supra.
The ordinance in question here is not unconstitutionally vague. The ordinance puts defendant on notice that he may not build on a servitude. "No part of a building shall be built or overhang any part of a servitude." This language clearly puts persons of ordinary intelligence on notice as to what actions are proscribed.
The city court also implied in its oral reasons for judgment that defendant and others similarly situated are not put on notice that their actions may constitute a criminal offense because the penalty provisions are not contained within Section 7:4.404, the very section proscribing the impermissible conduct. The penalties for a violation of any section of Chapter 7 of the Municipal Ordinances for the City of Baton Rouge and Parish of East Baton Rouge (including Section 7:4.404) are indeed contained in a different section, 7:11.1.[1] This same argument however was rejected by this Court in Shreveport v. Dusis, 150 La. 911, 91 So. 294 (1922). In that case, the Court rejected the defendant's argument that there was no penalty attached to the ordinance, finding that a catch-all penal clause (similar to the one here), which stated that any violation of the municipal building code was a misdemeanor and carried with it a certain penalty, was sufficient to include a penalty for the specific act with which defendant was charged. That the penalties here for any violation of Chapter 7 are set forth in an independent section of the Code does not render the statute vague.
The city court made a short reference to the ordinance being overbroad. Overbreadth invalidations of statutes are generally inappropriate when the allegedly impermissible applications of the challenged statute affect conduct rather than *1272 speech. State v. Neal, 500 So.2d 374, 377 (La. 1987), citing Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). The regulation here does not affect defendant's freedom of speech or any other constitutionally protected right. Since the conduct proscribed by this ordinance is not protected by the federal or state constitutions, Section 7:4.404 is not unconstitutionally overbroad. State v. Tucker, 354 So.2d 1327, 1329 (La.1978).
Finally, defendant argues in brief an entirely different rationale for finding Section 7:4.404 unconstitutional. The ordinance provides that three named utility companies may sanction encroachments on servitudes "obtained" by them from the developer and "used for underground facilities only," by their giving written approval. The defense argues that this grant of authority to purely private utility companies constitutes an unlawful delegation of legislative and executive authority.
First of all, it is not at all clear that excepting from application of the penal provisions a situation in which a given utility company with an acquired property right authorizes an encroachment on that right is an impermissible delegation of legislative authority. Additionally however, this servitude was not provided solely for an underground facility nor is it being used for an underground facility, and therefore the exception is not applicable. Because defendant has not been adversely affected by this provision of Section 7:4.404, he may not challenge its constitutionality. State v. McMahon, 391 So.2d 1120 (La.1980); State v. Brown, 389 So.2d 48 (La.1980).
Next, we address the City's argument that the city court erred in accepting defendant's oral motion to quash. La.C.Cr.P. art. 536 clearly requires that a motion to quash be in writing. Failure to comply with this statutory requirement normally results in a waiver of the rights sought to be asserted in the motion and the loss of an opportunity to have such arguments considered by the trial court. State v. Rheams, 352 So.2d 615 (La.1977); State v. Lewis, 255 La. 623, 232 So.2d 294 (1970). However, there have been exceptions to this strict rule where a trial court may allow an oral motion to quash in the interests of fairness. State v. Lang, 464 So.2d 776 (La.App. 4th Cir.1985). The city court here apparently acted within its discretion in excusing defendant's failure to file a written motion to quash, where defendant appeared without counsel. However, as we have already found that the city court erred in granting the motion to quash, the argument as to whether the court correctly entertained the motion has been rendered moot.
The ordinance provision under attack (Section 7:4.404) is therefore not unconstitutional for vagueness or overbreadth. Furthermore, defendant's motions to dismiss, including the one involving arguments concerning double jeopardy, are not meritorious.

DECREE
For the foregoing reasons, the judgment of the City Court of Baton Rouge declaring Section 7:4.404 of its Municipal Ordinances unconstitutional is reversed and set aside. The case is remanded to the City Court to make the ruling which was pretermitted when the motion to quash was granted.
REVERSED AND REMANDED.
NOTES
[1] Section 7:11.1 provides:

Any person who shall violate any of the provisions of this chapter or fail to comply with the requirements thereof, or who shall build or alter a building in violation of any detailed statement or plan submitted and approved hereunder shall be guilty of a misdemeanor and shall be fined not less than ten dollars ($10.00) and not more than twenty-five dollars ($25.00) or be imprisoned for not more than thirty (30) days for each day that the violation continues; and each day such violation shall be permitted to exist shall constitute a separate offense. The owner of any building or premises or part thereof where anything in violation of this chapter shall be placed or shall exist, and any architect, builder, contractor, individual person, or corporation employed in connection therewith and who may have assisted in the commission of any such violation shall be deemed guilty of a separate offense and upon conviction shall be fined as herein provided.