# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

### 2019 KA 1602

*PMc by JEW*

## STATE OF LOUISIANA

## VERSUS

## CHARLOTTE CHANDLER SIMS

**Judgment Rendered:** SEP 0 2 2020

* * * * * *

On Appeal from the Twenty-First Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Docket No. 37127

Honorable William Burris, Pro Tempore, Judge Presiding

* * * * * *

Scott Perrilloux
District Attorney
Scott Sommer
Patricia Dale Parker Amos
Serena Birch
Assistant District Attorney
Livingston, Louisiana

Counsel for Appellant
State of Louisiana

Jay Michael Futrell
Stephen M. Stafford
Office of the Public Defender
Livingston, Louisiana

Counsel for Defendant/Appellee
Charlotte Chandler Sims

* * * * * *

BEFORE:  McCLENDON, WELCH, AND HOLDRIDGE, JJ.

*JEW*
*Welch J. concurs in result.*
*Holdridge J. dissents for reasons assigned*

**MCCLENDON, J.**

The defendant, Charlotte Chandler Sims, was charged by bill of information with theft when the misappropriation or taking amounts to a value of one thousand dollars or more, but less than a value of five thousand dollars, a violation of LSA-R.S. 14:67(B)(3). She pled not guilty. The trial court later granted the defendant's oral motion to quash based on the defendant's argument that the matter is civil in nature. The State now appeals, assigning error to the trial court's ruling on the oral motion to quash. For the following reasons, we reverse the trial court's ruling and remand for further proceedings.

## STATEMENT OF FACTS

As the trial court granted the defendant's motion to quash, the facts were not developed in this case. The bill of information alleges that on or about January 10, 2018, the defendant committed theft of property having a value of more than one thousand dollars, but less than five thousand dollars, from Melvin Roe. According to police report narratives and the affidavit executed to obtain a warrant for the defendant's arrest, Deputy Blaine Chacon of the Livingston Parish Sheriff's Office (LPSO) was dispatched to 36607 Fore Road in Denham Springs in reference to a theft complaint on January 10, 2018. Deputy Chacon spoke with the complainant, Margaret Latil, and the victim, Mr. Roe. On March 13, 2018, Detective Tim Ard of the LPSO also spoke with Ms. Latil and Mr. Roe. In sum, Ms. Latil advised that prior to the death of her father, Clyde Sims, Mr. Roe loaned his tractor and golf cart to Mr. Sims. Ms. Latil further advised that after Mr. Sims' death, his wife, Charlotte Sims, defendant herein, stole the tractor and the golf cart from the residence located at 36607 Fore Road. Specifically, according to Ms. Latil, after the defendant was evicted from the residence on Fore Road, she and an unidentified male loaded the tractor and the golf cart onto a trailer being pulled by a pickup truck and left the residence. Ms. Latil and Mr. Roe advised that the property still belonged to Mr. Roe, Mr. Sims never purchased the items from Mr. Roe, and the items were not gifted to Mr. Sims.

After speaking with Mr. Roe and Ms. Latil, Detective Ard obtained a warrant for the defendant's arrest. On March 22, 2018, Detective Ard located the defendant in

2

Denham Springs, informed her that he had a warrant for her arrest, and advised her of her **Miranda**[1] rights. Detective Ard advised the defendant that the warrant was for the theft of Mr. Roe's golf cart and tractor. The defendant claimed that the items belonged to her deceased husband, that neither of the items worked, and that they were at her son's residence for which she provided the road name only. The defendant also claimed that Ms. Latil and Mr. Roe were lying in an effort to have her arrested. After the defendant's arrest, Detective Ard went to the road indicated by the defendant, but was unable to locate her son's residence.

## MOTION TO QUASH

In a combined argument addressing two assignments of error, the State argues that the trial court, in granting the defendant's oral motion to quash, violated LSA-C.Cr.P. art. 536 and improperly made a determination of fact. The State notes that Article 536 mandates that a motion to quash be in writing. The State, therefore, argues that an oral motion to quash cannot be considered. Citing **State v. Daquin**, 2015-0160 (La.App. 1 Cir. 11/9/15), 184 So.3d 724, the State further contends that a determination of fact is improper on a motion to quash. The State argues that classification of this case as civil as opposed to criminal in nature constitutes a determination of fact, not law. The State reiterates that a motion to quash is not the proper remedy to resolve disputed facts. Thus, the State contends that the trial court committed reversible error in granting the motion to quash. The defendant filed a reply brief wherein she argues, "[s]ince the State did not contemporaneously object to the defendant's motion to quash, any subsequent objection by the State was effectively waived."

The motion to quash is essentially a mechanism by which to raise pre-trial pleas or defenses, i.e., those matters which do not go to the merits of the charge. **State v. Brooks**, 2012-2126 (La.App. 1 Cir. 9/13/13), 2013 WL 11253304, at *1, (unpublished); see LSA-C.Cr.P. arts. 531-34. The general grounds upon which a motion to quash may be based are set forth in LSA-C.Cr.P. art. 532. **Brooks**, 2013 WL 11253304 at *1. These grounds, which are illustrative rather than exclusive, include the fact that "[t]he

---

[1] **Miranda v. Arizona**, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966).

indictment fails to charge an offense which is punishable under a valid statute." LSA-C.Cr.P. art. 532(1); **Brooks**, 2013 WL 11253304, at *1. Because the complementary role of trial courts and appellate courts demands that deference be given to a trial court's discretionary decision, an appellate court is allowed to reverse a trial court judgment on a motion to quash only if that finding represents an abuse of the trial court's discretion. **State v. Love**, 2000-3347 (La. 5/23/03), 847 So.2d 1198, 1206. However, a trial court's legal findings are subject to a *de novo* standard of review. See **State v. Smith**, 1999-0606 (La. 7/6/00), 766 So.2d 501, 504.

Moreover, at a hearing on a motion to quash, evidence is limited to procedural matters and the question of factual guilt or innocence is not before the court. See LSA-C.Cr.P. art. 531, *et seq.*; **State v. Rembert**, 312 So.2d 282, 284 (La. 1975); **Brooks**, 2013 WL 11253304, at *2. In considering a motion to quash, a court must accept as true the facts contained in the bill of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. **State v. Gerstenberger**, 260 La. 145, 150, 255 So.2d 720, 722 (1971); **State v. Gordon,** 2004-0633 (La.App. 1 Cir. 10/29/04), 896 So.2d 1053, 1062, writ denied, 2004-3144 (La. 4/1/05), 897 So.2d 600. The question, then, is whether the indictment charges a valid offense. If it does not, it is a defective indictment and its invalidity may be declared by a ruling on a motion to quash, for a motion to quash may be based on the ground that the indictment fails to charge an offense that is punishable under a valid statute. **State v. Byrd**, 1996-2302 (La. 3/13/98), 708 So.2d 401, 411, cert. denied, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998); **Brooks**, 2013 WL 11253304, at *2.

Pursuant to LSA-C.Cr.P. art. 536, a motion to quash shall be in writing, signed by the defendant or the defendant's attorney, and filed in open court or in the office of the clerk of court. Further, it shall specify distinctly the grounds on which it is based. Since an oral motion to quash does not comply with the provisions of Article 536, it cannot be considered. **State v. Jarrell**, 2007-0412 (La.App. 1 Cir. 9/19/07), 2007 WL 2726718, at *14, (unpublished), writ denied, 2007-2065 (La. 3/7/08), 977 So.2d 897; **State v.**

4

**Howell**, 525 So.2d 283, 284 (La.App. 1 Cir. 1988); **State v. Dixon**, 2010-1279 (La.App. 4 Cir. 5/2/11), 64 So.3d 852, 854.

In **Dixon**, the defendant therein was charged with unauthorized use of a movable, a violation of LSA-R.S. 14:68. During a hearing, it became apparent to the trial court that the victim was the defendant's wife. The trial court concluded that the movable in question, an automobile, was community property. The trial court quashed the bill of information, and the State appealed. On appeal, the defendant argued that the matter was just a squabble between a married couple and not a criminal matter. The defendant further argued that the State had not referred to any facts tending to prove the automobile was the victim's separate property. The appellate court noted its assumption that the State would not knowingly pursue a meritless prosecution. Furthermore, without a written motion to quash being presented to the trial court, the appellate court found that the trial court erred by quashing the bill of information and vacated the trial court's ruling. **Dixon**, 64 So.3d at 854.

In the instant case, the State is correct that the record contains no written motion to quash, as the bill of information was quashed upon oral motion by the defendant. Specifically, at a pretrial conference, the defense attorney stated, "Your Honor, based on in chambers conference, I would move for an oral motion to quash this matter as it is civil in nature." Upon the trial court's request for a response, the State noted the following, "The State argues that it was a theft and that the issue of ownership should be left to the trier of fact." The trial court, in turn, responded, "So note your objection, however, the motion to quash is granted." (R. 60).

Failure to comply with the statutory requirement that a motion to quash be in writing normally results in a waiver of the rights sought to be asserted in the motion and the loss of an opportunity to have such arguments considered by the trial court. **City of Baton Rouge v. Schmieder**, 582 So.2d 1266, 1272 (La. 1991).[2] However, as

---

[2] In **Schmieder**, the City of Baton Rouge ("City") appealed a trial court ruling granting the defendant's oral motion to quash. On appeal, the defendant argued, in part, that the City's appeal should be dismissed because the City did not object to the trial court's ruling. The Louisiana Supreme Court disagreed, noting that an objection need not be raised by incantation to be preserved, as under LSA-C.Cr.P. art. 841(A) "[i]t is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor." Thus, the Supreme Court found that the City had preserved the right to appeal by arguing against the grant of the oral motion to quash. **Schmieder**, 582

the defendant correctly points out, the State did not object on the grounds of a lack of a written motion. To preserve the right to seek appellate review, a party must state an objection contemporaneously with the occurrence of the alleged error as well as the grounds for that objection. See LSA-C.Cr.P. art. 841(A); **State v. Bedwell**, 2018-0135 (La.App. 1 Cir. 6/21/18), 2018 WL 3080356 at *4, (unpublished), writ denied, 2018-1247 (La. 1/18/19), 262 So.3d 288. A new basis for objection cannot be raised for the first time on appeal. **State v. Duhon**, 2018-0593 (La.App. 1 Cir. 12/28/18), 270 So.3d 597, 631, writ denied, 2019-0124 (La. 5/28/19), 273 So.3d 315. Accordingly, in this case, the State appears to have waived any right it may have had to complain about lack of compliance with the statutory requirement that the motion be written. See **State v. Forrest**, 2006-1334 (La.App. 1 Cir. 3/23/07), 2007 WL 866222 at *3 n.2, (unpublished).

However, the State made it known that it believed the oral motion to quash should be denied on grounds other than the lack of statutory compliance. Specifically, the State contended that the issue of ownership of the tractor and golf cart should be left to the trier of fact, because matters that go to the merits of the charge are not properly considered on a motion to quash. In **Rembert**, the defendant was charged with aggravated battery, which is a battery committed with a dangerous weapon. (unpublished); See LSA-R.S. 14:34. During a preliminary hearing, the trial court held that there was no probable cause to charge the defendant and ordered that he be released from bail. **Rembert**, 312 So.2d at 283 n.1. In addition, the trial court quashed the bill of information, finding that "the aerosol container of mace spray used in the battery was not a 'dangerous weapon' within the meaning of the statute defining the crime charged." (unpublished)The Louisiana Supreme Court reversed the trial court's judgment, holding that "[t]he question of whether an instrumentality, as used in a crime, is in fact a dangerous weapon is ordinarily a question for determination at the

---

So.2d at 1270. The Supreme Court noted that there have been exceptions to the strict rule that a motion to quash be in writing in cases where a trial court allows an oral motion to quash in the interests of fairness, and concluded that the trial court "apparently acted within its discretion in excusing defendant's failure to file a written motion to quash, where defendant appeared without counsel." However, as the Supreme Court had already found that the trial court erred in granting the motion to quash on other grounds, the argument as to whether the trial court correctly entertained the oral motion had been rendered moot. **Schmieder**, 582 So.2d at 1272.

trial on the merits, not at a motion to quash." **Rembert**, 312 So.2d at 284. The Supreme Court further noted that a factual defense to the merits was at issue and that the trial court erred in sustaining the motion to quash on the basis of the factual evidence. **Rembert**, 312 So.2d at 284.

Herein, the bill of information alleges that the defendant "committed theft of property having a value of more than one thousand dollars but less than five thousand dollars from Melvin B. Roe." Based on the record before us, the defendant used the oral motion to quash to assert her factual innocence of the charge and thereby failed to assert any valid grounds for the motion. See LSA-C.Cr.P. arts. 532 and 534. Such arguments can only be resolved by the factfinder at trial. Accordingly, we find merit in the State's appeal. The trial court's ruling granting the motion to quash is hereby reversed, and this matter is remanded for further proceedings.

## CONCLUSION

**TRIAL COURT'S RULING GRANTING THE DEFENDANT'S MOTION TO QUASH REVERSED; REMAND FOR FURTHER PROCEEDINGS.**



STATE OF LOUISIANA

VERSUS

CHARLOTTE CHANDLER
SIMS

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 KA 1602

**HOLDRIDGE, J., dissenting.**

I respectfully dissent. A trial court's ruling on a motion to quash is a discretionary one, which should not be disturbed absent a clear abuse of discretion. See State v. Leonard, 2018-0142 (La. App. 4 Cir. 12/26/18), 262 So.3d 378, 392, writ denied, 2019-0209 (La. 4/15/19), 267 So.3d 1124; State v. Jones, 2012-0565, (La. App. 4 Cir. 4/24/13), 115 So.3d 643, 647. In this case, the bill of information fails to charge a crime. The bill of information states, Charlotte Chandler Sims, on or about January 10, 2018, committed theft of property, having a value of more than one thousand dollars but less than five thousand dollars from Melvin B. Roe.

Louisiana Revised Statutes 14:67(A) provides that "[t]heft is the misappropriation or taking of anything of value which belongs to another ... ." In this case, the bill of information does not state that the property belonged to Melvin B. Roe. From the evidence introduced at the motion to quash, it is clear that the trial court did not find that the property which was the subject of the alleged theft belonged to Melvin B. Roe. The trial court did not abuse its discretion in quashing the bill of information since the bill did not state the elements of a crime since it did not allege that the property taken belonged to Melvin B. Roe. Since the State did not object to the oral motion to quash, the trial court was correct in quashing the bill of information.